UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stephen C. Walker,     :
            :
    Plaintiff,    :
   v.        :    Civil Action No. 09-1858 (CKK)
            :
Eric Holder *et al.*,    :
            :
    Defendants.   :


MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff, a Texas prisoner, sues under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, the mandamus statute, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to exercise his "right" to renounce his United States citizenship under 8 U.S.C. § 1481(a)(6).[1] In the alternative, plaintiff seeks a United States passport "in order to exercise his inalienable right . . . to change his home and allegiance. . . ." Amended Complaint ("Compl.") [Dkt. No. 10] at 2. Defendants Attorney General Eric Holder, Secretary of State Hillary Clinton and Secretary of Homeland Security Janet Napolitano move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Upon consideration

---

[1] The statute provides as follows:

(a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality– . . . . (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense[.]

of the parties' submissions, the Court will grant defendants' motion to dismiss under Rule 12(b)(6).[2]

## I. BACKGROUND

The undocumented complaint allegations are as follows. On March 21, 2008, plaintiff "wrote the [State Department] inquiring upon the procedure to renounce United States citizenship for expatriation purpose." Compl. at 3, ¶ 1. In its written response on April 25, 2008, the State Department informed plaintiff that he "was not eligible at this time to renounce . . . while in the United States, as the United States was not in a 'state of war', and that such renunciation must take place outside the United States." *Id*. at 3-4, ¶ 2. It enclosed a publication "entitled [] 'Flyer in Renunciation of United States Citizenship by Person Claiming Right of Residence in the United States' " *Id*. at 4.

"Believing the United States was and continues to be in a state of war," plaintiff wrote the State Department on May 5, 2008, conveying his belief that "he met the statutory requirements" to expatriate under § 1481(a)(6). *Id* at 4, ¶ 4. He also sought the agency's definition of state of war. *Id*. Plaintiff repeated his inquiry apparently in late May 2008. *Id*. at 4-5, ¶ 5. In its written response on June 18, 2008, the State Department informed plaintiff that the Department of Justice ("DOJ") "has exclusive authority to administer Section 349(a) of the Immigration and Nationality Act" and that he should direct his questions to DOJ. *Id*. at 5-6, ¶ 8. At an unspecified time, plaintiff "again wrote the [State Department] inquiring if he was currently eligible for a United States Passport so he could legally [expatriate] for purposes of curiosity, of

---

[2]   Defendants have not articulated a basis for dismissal under Rule 12(b)(1). The Court is satisfied from the complaint allegations that it has subject matter jurisdiction under the federal question provision codified at 28 U.S.C. § 1331.

trade, or as a permanent resident, if he so desired. Plaintiff specifically requested this information to ensure his eligibility to secure a passport and that plaintiff had not been certified by the Secretary of Health and Human Services to be in arrears of child support . . . which would deny him a U.S. Passport for renunciation and/or migration and emigration. . . ." *Id*. at 6-7, ¶ 12. He received no response. *Id*. at 7, ¶ 13.

Plaintiff wrote DOJ on May 19, 2008, seeking its definition of state of war. *Id*. at 4, ¶ 5. At an unspecified time, plaintiff made a similar inquiry to Homeland Security "asking and/or inquiring upon [] 8 U.S.C. § 1481(a)(6) and . . . § 1481 in general. [He] specifically asked if he could acquire a passport for the sole purpose to leave the boundries [sic] of the United States and renounce abroad." *Id*. at 5, ¶ 7. The letter was returned "without a response." *Id*. At an unspecified time, plaintiff wrote DOJ again and also requested from it via the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, "any 'form' used by a citizen when such citizen seeks to renounce his U.S. citizenship. . . ." *Id*. ¶ 6. DOJ "never" responded to plaintiff's subsequent requests for a definition of state of war and the form to renounce his citizenship. *Id*. at 6, ¶ 11. It referred plaintiff's FOIA request to the Tax Division, which determined that it did not maintain the requested information. Plaintiff's appeal of that determination was denied.[3] *Id*. ¶ 10.

Because plaintiff's repeated inquiries to DOJ, the State Department and Homeland Security were either unanswered or not answered to his satisfaction, he commenced this action on September 29, 2009, seeking injunctive and declaratory relief. *See* Compl. at 8-9.

---

[3] Plaintiff has not indicated in any way that he is challenging DOJ's response to his FOIA request or that he is bringing a FOIA claim.

## II. DISCUSSION

The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id.*, and "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The extraordinary writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The Court's mandamus power extends only to ministerial duties of public officials, *i.e.*, those duties that "admit[] of no discretion, so that the official in question has no authority to determine whether to perform the duty." *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996). Mandamus is available "only if [plaintiff] has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). In order for the Court to "declare the rights and other legal relations of . . . [a] party seeking such declaration," it must have "actual controversy within its jurisdiction." 28 U.S.C. § 2201.

In a recent decision on remand from the District of Columbia Circuit for a determination in part on "which government official has the responsibility to administer § 1481(a)(6)," District Judge Richard W. Roberts concluded that the responsibility lies with the Director of the U.S. Citizenship and Immigration Services ("USCIS"), a component of Homeland Security. *See Kaufman v. Holder*, — F. Supp. 2d —, 2010 WL 653457 *1 (D.D.C., Feb. 24, 2010) (adopting the undisputed position of the Attorney General and the Secretaries of Homeland Security and the State Department). In this case, plaintiff accuses defendants of ignoring his inquiries about the renunciation process, but he has not alleged that he applied to Homeland Security or DOJ to renounce his citizenship and was denied,[4] and he "concedes that he has not executed an application [with the State Department] for a passport." Memorandum in Support of Plaintiff's Response to Defendants' Motion to Dismiss [Dkt. No. 21] at 8.

In the absence of a request obligating the defendant agencies to act, the Court finds that the complaint fails to state a claim upon which relief can be granted under the APA, the mandamus statute or the Declaratory Judgment Act. *See Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008) (explaining that "when an agency is compelled by law to act, but the manner of its action is left to the agency's discretion, the court [under the APA] can compel the agency to act, although it has no power to specify what that action must be") (citation, internal quotation marks and alterations omitted). Defendants' motion to dismiss under Rule 12(b)(6) therefore is granted. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
Dated: May 27, 2010                United States District Judge

---

[4] *See Kaufman*, 524 F.3d at 1340 (acknowledging a 2002 legal memorandum wherein "the Office of Legal Counsel ha[d] advised that no regulation for accepting a formal renunciation within the United States pursuant to [§ 1481(a)(6)] is necessary, as the requisite form could be produced by the Attorney General at the time a citizen seeks to exercise that right") (citation, ellipsis and internal quotation marks omitted).